E. R. RAY *v.* B. M. WALKER ET AL.

Evidence—Co-incidence of Names of Plaintiff in Another Suit, Offered.

> Depositions in another suit, were offered as evidence, in which "Burns M. Walker" as a defendant testified, and was sought to be used in this suit wherein "B. M. Walker" was a plaintiff, to prove his contradicting statements. Held that the presumption of identity arising from the co-incidence of names, in the absence of any evidence to repel it, was prima facie sufficient as a slight evidence of identity.

APPEAL FROM HICKMAN CIRCUIT COURT.

November 2, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

This appeal is prosecuted for the reversal of a judgment of eviction in an ordinary action for the recovery of a lot in the city of Columbus. The appellees, on the trial, sought to establish their title by proof of a continuous adverse possession of the lot by them

and their ancestor, William Walker, under whom they claimed, for over twenty years before the appellant acquired the possession, and for that purpose they produced and offered to read as evidence to the jury an answer of the defendant filed in a suit of Edward Curd's executors against him, containing statements to the effect that Burns M. Walker, and those under whom he claimed, were and had been in the adverse possession of the lot from the time he acquired his claim from said executors; and without any proof identifying Burns M. Walker as one of the plaintiffs, except the coincidence of his name with that of one of the plaintiffs, the court overruled an objection of the defendant to the admisison of the answer as evidence and permitted it to be read to the jury; and whether this ruling was correct or not is the principal question presented by this appeal.

Undoubtedly some proof identifying Walker as one of the plaintiffs, or of those under whom they claimed, was necessary to render the answer admissible; but as slight evidence of that fact was *prima facie* sufficient, we think the presumption of identity arising from the coincidence of names, in the absence of any evidence to repel it, was sufficient for that purpose, and the court properly so ruled. (*1 Greenleaf on Evidence, section 512.*)

We perceive no error in the action of the court, either in instructing the jury or overruling the motion for a new trial.

Wherefore, the judgment is *affirmed.*

*Rodman, for appellant.*

*Bullock, for appellees.*